```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

```
_____
                                   )
STEWARDS OF THE GLEN,              )
                                   )
         Plaintiff,                )
                                   )
    v.                             )    C.A. No. 20-355 WES
                                   )
JARDIN HOLDINGS LLC,               )
                                   )
         Defendant.                )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Before the Court is Defendant Jardin Holdings LLC's Motion to Dismiss, ECF No. 9. Defendant argues: first, that Plaintiff Stewards of the Glen lacks standing to bring its claims; second, that Plaintiff's claims are barred by Rhode Island's law barring footways from ripening into prescriptive easements; and third, that Plaintiff failed to plead sufficient facts to plausibly support its prescriptive easement claim. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Complaint, ECF No. 1-2, is DISMISSED without prejudice.

I.  BACKGROUND

This dispute involves a plot of land that Plaintiff identifies as "[t]he Glen." Compl. ¶ 7. Plaintiff claims that the land is a "historical and treasured site," and cites to artistic and cultural sources to support its claim that the land has been used

intermittently for decades by the general public for various recreational purposes. Id. ¶¶ 7-17. Plaintiff represents that Defendant, after purchasing property that is the "principal location" of the Glen, took action to restrict the public's access to the area, including by erecting fencing. Id. ¶¶ 7, 18-19.

Plaintiff is a Rhode Island nonprofit corporation formed in May 2020 whose charitable purpose is preserving public access to the Glen. See Ex. 1 to Pl.'s Obj. to Def.'s Mot. to Dismiss, at Art. III, ECF No. 10-2. Plaintiff brought suit claiming, on behalf of the general public, a public prescriptive easement over the Glen. Compl. ¶¶ 25-26. Plaintiff claims that the public has used the Glen for over 150 years for various recreational purposes, thus establishing prescriptive rights to use the property, and that Defendant abridged these prescriptive rights by erecting fencing and other means to exclude the public from the property. Id. ¶¶ 17, 25-27. Plaintiff seeks a declaratory judgment and an injunction against Defendant to ensure continued public access to the land. Id. ¶¶ 25-29.

II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In examining whether a plaintiff is entitled to relief, the Court must accept as true all well-pleaded facts and indulge all reasonable inferences in the plaintiff's favor. Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). But "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (citation and quotations omitted).

III. DISCUSSION

With respect to standing, Plaintiff must plead a particularized injury that "affect[s] the plaintiff in a personal and individual way." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1 (1992). While this rule can be applied to corporate entities, mere interference with an organization's "special interest" is not sufficient to show a particularized injury to the entity. Sierra Club v. Morton, 405 U.S. 727, 739-40 (1972); see also Equal Means Equal v. Ferriero, 478 F. Supp. 3d 105, 119-121 (D. Mass. 2020) (discussing associational and organizational standing requirements). However, an entity may alternatively establish associational standing where it shows "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's

3

purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 343 (1977); see also Coll. of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co., 585 F.3d 33, 40 (1st Cir. 2009).

Plaintiff's sole claim to standing is that its charitable purpose, which is to preserve the public's right to the Glen, gives it standing to bring this suit. See Mem. in Supp. of Pl.'s Obj. to Mot. to Dismiss 11-12, ECF No. 10-1. This is not sufficient to meet the standing requirement in federal court. See Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016) ("[A]t the pleading stage, the plaintiff bears the burden of establishing sufficient factual matter to plausibly demonstrate his standing to bring the action. Neither conclusory assertions nor unfounded speculation can supply the necessary heft."). Plaintiff has not identified a particularized injury arising out of Defendant's actions that specifically affects Plaintiff, merely claiming that "the public has suffered irreparable harm" in not having access to the Glen and that Plaintiff has standing to redress these harms "on behalf of the public." Compl. ¶¶ 21, 23. This claim to standing on behalf of a self-identified public benefit is precisely what the Supreme Court found to be insufficient in Sierra Club. See 405 U.S. at 739-40; see also Equal Means Equal, 478 F. Supp.

4

3d at 121 ("[M]ere interest in a problem is insufficient to support standing.").

Further, while Plaintiff has shown that the prescriptive easement it seeks is germane to its founding purpose, it has made no effort to address the two other requirements of Hunt. Plaintiff does not identify who its members are, beyond general references to "the public" or to what particularized injury those members have suffered. Without these essentials, Plaintiff has not met the first or third prong of the Hunt test. See Equal Means Equal, 478 F. Supp. 3d at 120 (finding that the plaintiff's failure to plead facts to show that at least one member had suffered a particularized harm is "alone fatal to its associational standing theory"). Given that Plaintiff has failed to plead sufficient facts that would allow the Court to find associational standing, Defendant's Motion to Dismiss must be granted on this basis.[1]

IV. CONCLUSION

As this matter is dismissed for lack of standing, the Court need not address Defendant's other arguments. Defendant's Motion to Dismiss, ECF No. 9, is GRANTED, and Plaintiff's Complaint, ECF

---

[1] The deficiencies described are presumably easy to remedy; dismissal is without prejudice to refiling by a party that has standing.

No. 1-2, is DISMISSED without prejudice.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date: June 24, 2021